

FILED

JUN 2 4 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. RACHAEL JENNINGS        )
                           )
         Plaintiff,        )
                           )
v.                         )   Case No.
                           )   JURY TRIAL DEMANDED
1. AAON INC.               )
                           )   14 CV - 347 CVE - PJC
                           )
                           )
                           )
         Defendant.        )

PLAINTIFF'S FIRST CAUSE OF ACTION, WRONGFUL DISCHARGE

Comes now the Plaintiff, and for her first cause of action against the Defendant, and alleges and states:

1. That the Plaintiff is a citizen of the Northern District, and the Defendant does business therein, and all acts or omissions occurred therein, thus jurisdiction and venue are present.

2. That at all times material hereto, the Plaintiff was an employee, and the Defendant an employer, as defined by state and federal law.

THIS CAUSE OF ACTION IS FOR WRONGFUL TERMINATION UNDER THE
AMERICANS WITH DISABILITIES ACT

3. That the Plaintiff is a qualified individual with a disability, as defined by the Americans With Disabilities Act. Plaintiff suffers from a chronic respiratory condition and allergy symptoms, exacerbated by exposure to the work environment maintained by Defendant, consisting of, inter alia, mold, dampness, allergens in the air, abuse of chemicals in her work area, and generally unsafe and unhygienic practices which triggered severe and dangerous symptoms in Plaintiff, including, but not limited to, dizziness, light-headedness, nausea, fainting,

1 summons

Fees Pd

shortness of breath, and inordinate coughing and sneezing attacks. Defendant was well aware of Plaintiff's condition, as Plaintiff went to health care providers from several disciplines, clinics, specialists and hospital emergency rooms, because of her disability.

4. Plaintiff's symptoms negatively impacted the Plaintiff's performance of some of the core functions of her job duties, and negatively impacted one or more major life activities, including walking, talking, breathing, working, eating and sleeping.

5. Rather than abate the conditions which triggered symptoms in Plaintiff, the Defendant terminated Plaintiff while she was on an approved leave, in November, 2013. Although, Plaintiff has since learned that the Defendant undertook such remediation after Defendant fired Plaintiff.

6. Plaintiff filed a Charge with the Equal Employment Opportunity Commission within the time specified by law, and has received her Right to Sue letter within the 90-days next preceding the filing of this action.

7. Plaintiff has been damaged by Defendant's wrongful termination in an amount in excess of $75,000, for which Plaintiff now prays.

8. The Defendant's actions were willful, wanton, malicious, and/or grossly negligent, giving Plaintiff a cause of action for punitive damages, for which Plaintiff further prays, in an amount in excess of $75,000.

9. Wherefore Plaintiff prays for judgment against the Defendant in an amount in excess of $75,000 actual, and in excess of $75,000 punitive, costs of this action, including a reasonable attorney's fee, and for all other relief to which Plaintiff may be entitled, at law or in equity.

## PLAINTIFF'S SECOND CAUSE OF ACTION, WRONGFUL TERMINATION IN VIOLATION OF THE OKLAHOMA WORKERS COMPENSATION CODE

Comes now the Plaintiff, and for her second cause of action against the Defendant, and re-adopts and re-alleges each and every allegation set out in her first cause of action, and further alleges and states:

10. That Plaintiff was directed by Defendant to prepare paperwork under the Oklahoma Worker's Compensation Code, and placed Plaintiff "on worker's comp", by Defendant's definition, and Plaintiff received insurance checks during her time off work due to her condition, until her termination.

11. Plaintiff thus believes she was in the status of "temporarily totally disabled" as defined by Oklahoma law. The Defendant then arbitrarily stopped the weekly checks to Plaintiff, although Plaintiff's condition did not change, and shortly thereafter, terminated Plaintiff.

12. Plaintiff therefore reasonable believes she should have been in the protected status of temporarily totally disability at the time of her termination, thus her termination was in violation of Oklahoma law, as being the termination of an employee while on temporary, total disability.

13. Plaintiff has thus been damaged in an amount in excess of $75,000, for which she now prays.

14. The actions of the Defendant were willful, wanton, malicious and/or grossly negligent, giving Plaintiff a claim for punitive damages, in an amount in excess of $75,000.

WHEREFORE Plaintiff prays for judgment for actual damages in an amount in excess of $75,000 actual, and in excess of $75,000 punitive, and costs of this action, and seeks any other relief to which she may be entitled, at law or in equity.

Respectfully submitted

_____
Jeff Nix
OBA 6688
Box 3098
Tulsa, OK 74101
(918) 587-3193
Fax: (918) 582-6106

_____
Lindsey Christopher
OBA 30524
Boettcher & Lobaugh
4111 So. Darlington, Ste 1075
Tulsa, OK 74135
(918) 660-0400
Fax: (918) 660-2888