# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RACHEL JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0347-CVE-PJC |
| | ) | |
| AAON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment (Dkt. # 71). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 66) granting defendant's motion for summary judgment, and she argues that the Court erred in finding that she was not disabled and that she failed to establish that a reasonable accommodation would have allowed her to return to work. Defendant responds that plaintiff is simply reurging arguments that have already been rejected or is making new arguments that should have been raised in her response to defendant's motion for summary judgment. Dkt. # 72.

Plaintiff filed this case alleging claims of disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq. (ADA), as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (ADAAA), and wrongful termination in violation of Oklahoma workers' compensation law.[1] Dkt. # 2. In her complaint, she alleged that she suffered from a "chronic respiratory condition and allergy symptoms, exacerbated

---

[1] The Court entered judgment in favor of defendant on plaintiff's workers' compensation claim. Plaintiff does not ask for reconsideration of this aspect of the Court's decision, and plaintiff's workers' compensation claim will not be discussed in this Opinion and Order.

by exposure to the work environment maintained by Defendant." Id. at 1. Defendant filed a motion for summary judgment (Dkt. # 30) and argued that plaintiff could not establish a prima facie case of disability discrimination. Defendant asserted that plaintiff had no medical evidence to support her claim that a mold allergy caused her to have respiratory problems at work and that plaintiff had failed to identify any accommodation that would have allowed her to perform the essential functions of her job. Plaintiff filed a response to defendant's motion and she admitted to all of the undisputed material facts stated in defendant's motion. Dkt. # 45, at 10-18. She argued that she suffered from "pulmonary sensitivity . . . triggered by an unknown agent which she believes to be mold or some 'other environmental factors.'" Id. at 23. She also argued that there were accommodations that would have allowed her to return to work, even though she claimed that moving her desk to a different location would not necessarily resolve her problems due to the alleged presence of mold in defendant's workplace. Id. at 27. Plaintiff also sought to establish that she was disabled under a "regarded as" theory. Id. at 21.

The Court entered an opinion and order (Dkt. # 66) granting defendant's motion for summary judgment. Plaintiff claimed that she had respiratory problems at work due to the presence of mold, water damage, or dust, but allergy testing determined that plaintiff was not allergic to mold or dust and air quality testing found that those allergens were not present in any significant amount at defendant's workplace. Dkt. # 66, at 3-5. Plaintiff visited Timothy Pettingell, M.D., on October 18, 2012, and he determined that medical evidence ruled out asthma as the cause of plaintiff's respiratory problems. Id. at 5. Dr. Pettingell determined that plaintiff had reached a state of maximum medical improvement and that she could return to work without restrictions, but he could not identify any cause for plaintiff's respiratory problems and he advised plaintiff that she may need

2

to seek other employment if she continued to experience breathing problems at work. Id. at 6. Plaintiff had been on Family and Medical Act (FMLA) leave since September 4, 2012 and her leave was almost exhausted, and defendant advised plaintiff of this fact and directed plaintiff to submit medical evidence that it was safe for her to return to work. Id. at 6-7. The Court found that plaintiff failed to establish a prima facie case of disability discrimination, because she failed to produce any medical evidence to support her lay opinion that she had a breathing impairment caused by an allergy to mold. Id. at 11-12. The Court also rejected plaintiff's argument that defendant regarded her as disabled, even though plaintiff's supervisors were aware of her respiratory problems at work, because the documentary evidence and deposition testimony failed to establish that defendant's employees believed that plaintiff had any type of diagnosable respiratory impairment that prevented her from working. Id. at 13-14. The Court also found that plaintiff was not a qualified person with a disability, because she failed to identify any reasonable accommodation that would have allowed her to complete the essential functions of her job. Id. at 14-18. This aspect of the Court's ruling was based, in part, on plaintiff's failure to conclusively identify her disability, because it was not reasonable to expect defendant to propose any reasonable accommodation without knowing the cause of plaintiff's respiratory problems. Id. at 17.

Plaintiff's motion to reconsider was filed within 28 days of the entry of judgment, and the Court will treat plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court initially notes that plaintiff's motion to reconsider does not cite any authority concerning the standard of review for a motion to reconsider. Instead, she simply repeats arguments that have already been considered and rejected, and in some instances she revises her arguments in light of the Court's opinion and order. This is not the purpose of a motion to reconsider, and the Court will not reconsider arguments that have already been rejected or give plaintiff an opportunity to assert new arguments that should have been raised in her response to defendant's motion for summary judgment. The Court also notes that plaintiff admitted to all of the undisputed facts stated in defendant's motion for summary judgment, and plaintiff's belated attempt to inject new facts concerning her alleged disability is not a basis for reconsideration. See Dkt. # 71, at 2-6.

Plaintiff argues that she presented sufficient evidence to make a prima facie showing that she had asthma or obstructive pulmonary airway disease of an unknown etiology, and this would constitute a disability under the ADAAA. However, the Court relied on plaintiff's arguments and her deposition testimony when it identified plaintiff's claimed disability as a "pulmonary sensitivity

4

to mold and other environmental factors." Dkt. # 66, at 11. Plaintiff may not revise her arguments after reviewing the Court's summary judgment ruling, and her reliance on a more general breathing disorder contradicts her previous argument that she was disabled due to a non-diagnosed mold allergy that caused her to have respiratory problems. The Court declines to reconsider its summary judgment ruling based on plaintiff's assertion that the suffered from "obstructive pulmonary airway" disease of unknown origin, because this argument was not clearly raised in her response to defendant's motion for summary judgment. Plaintiff also argues that the Court should have found that she was disabled under a theory that defendant regarded her as disabled. Dkt. # 71, at 8-9. In her response to defendant's motion for judgment, plaintiff's entire argument on this issue was contained in a four sentence paragraph that misquoted language from defendant's employee's deposition testimony, and plaintiff cited none of the facts stated in her motion to reconsider concerning this issue. See Dkt. # 45, at 21. Plaintiff attempts to offer new arguments that should have been raised in her response to defendant's motion for summary judgment, and this is not a valid basis for reconsideration of the Court's finding that defendant did not regard her as disabled. Finally, plaintiff asserts that she was a "qualified" person with a disability and she claims that additional air quality testing at defendant's facilities could have identified the source of her respiratory problems at work. She also claims that there were accommodations, such as the use of a respirator or air mask, that would have allowed her to work. However, the evidence established that defendant did conduct air quality testing in response to a complaint filed with Occupational Safety and Health Administration (OSHA), and there was no amplification of mold or fungus in defendant's facilities and other air-borne chemicals were not present in amounts in excess of OSHA limits. Dkt. # 66, at 6. Plaintiff also did not request to use a respirator or air-mask at work, and her

speculation that this would have allowed her to return to work does not give rise to a genuine dispute as to a material fact. Id. at 17. Finally, the Court previously considered plaintiff's argument that defendant failed to engage in an "interactive inquiry" to determine if there were any reasonable accommodations that would allow plaintiff to return to work, but she has still not made any argument or presented any evidence suggesting that she attempted to initiate an "interactive inquiry." The Court can discern no other arguments in plaintiff's motion to reconsider (Dkt. # 71) and finds that it should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment (Dkt. # 71) is **denied**.

**DATED** this 27th day of July, 2015.

*(signature)*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE